## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MARTINEZ DIAZ MIGUEL,**
**A# 022679553,**

      **Petitioner,**

**vs.**                        **Case No. 4:20cv276-TKW-MAF**

**OFFICER C. JAVROE,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. An Order was entered on June 12, 2020, directing Petitioner to file a second amended habeas petition. ECF No. 6. Petitioner's deadline to comply was July 10, 2020. *Id.* As of this date, nothing has been received from Petitioner.

Moreover, Petitioner filed a motion requesting the appointment of counsel in late June 2020. ECF No. 7. That motion was denied in an Order entered on July 1, 2020. ECF No. 8. Petitioner's copy of that Order has been returned to the Court as undeliverable. ECF No. 9.

A search of the online detainee locator system from the U.S. Immigration and Customs Enforcement website indicates Petitioner is no longer in detention.  It appears that Petitioner has been granted the relief sought in this case and he has correspondingly abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Petitioner did not comply with a Court Order and has failed to prosecute this case, and because it appears that he is no longer in detention, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2020.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**